**In re Igreta S. RAGIN, Debtor.**

**No. 99–11323–D.**

United States Bankruptcy Court,
D. South Carolina.

March 3, 2000.

Irby E. Walker, Conway, SC, for debtor.

Stanley H. McGuffin, Columbia, SC, for Wachovia Bank N.A.

## ORDER

JOHN E. WAITES, Bankruptcy Judge.

THIS MATTER comes before the Court upon a Motion for Relief from 11 U.S.C. § 362(d)[1] Automatic Stay and a Motion for Relief from Co–Debtor Stay under § 1301(d) filed by Wachovia Bank, N.A. ("Wachovia") on January 7, 2000. Debtor filed a Return to Motion for Relief from Co–Debtor Stay and a Return to Motion for Relief from the Automatic Stay on January 20, 2000 and January 21, 2000 respectively. Having considered the pleadings, testimony of the parties, and arguments of counsel, the Court makes the following findings of fact and conclusions of law regarding the motions.

## FINDINGS OF FACTS

1. Wachovia is the holder of a secured claim against Debtor for the sum of approximately $13,683.10 by virtue of a note dated November 10, 1995 (the "Note"). Wachovia's claim is secured by a second mortgage lien on a parcel of real property located in the County of Sumter, State of South Carolina.

2. The Note is signed by Debtor and Alvin S. Alston. The Property that secures the Note is owned solely by Alvin S. Alston.

3. The Property has a fair market value of approximately $85,500.00. In addition to the mortgage lien in favor of Wachovia, the property is also subject to a first mortgage lien in the amount of approximately $65,000.00.

4. Debtor filed for relief under Chapter 13 of the Bankruptcy Code on December 30, 1999. Prior to the instant case, Debtor filed several other petitions under Title 11. Debtor filed a Chapter 13 petition on October 30, 1997 ("Case 1"), which was dismissed on July 14, 1998. On July 17, 1998, Debtor filed a Chapter 7 petition and received a discharge on October 29, 1998 ("Case 2"). On March 23, 1999, Debtor filed another Chapter 13 case, which was dismissed with prejudice for a period of 180 days by an order filed June 16, 1999 ("Case 3").

5. Following the dismissal of Case 3, Wachovia commenced a foreclosure action against the Property in the Sumter County Court of Common Pleas, bearing the caption *Wachovia Bank, vs. Igreta Ragin and Alvin Alston,* Case # 99–CP–43–934–W ("Foreclosure Action"). The Foreclosure Action resulted in the issuance of a Master's Report and Master Decree of Foreclosure and Sale entered December 15, 1999, finding that Wachovia was entitled to judgment against Mr. Alston and Debtor and the sale of the Property in realization of the mortgage lien. A public sale of the Property was advertised and scheduled for January 4, 2000 in Sumter County. However, the filing of Debtor's Chapter 13 petition on December 30, 1999 stayed the sale.

---

**1.** Further references to the Bankruptcy Code shall be by section number only.

## CONCLUSIONS OF LAW

 Section 1301(c)(1) provides in pertinent part:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided by subsection (a) of this section with respect to a creditor, to the extent that—

(1) As between the debtor and the individual protected under subsection (a) of this section, such individual received the consideration for the claim held by such creditor.

"[W]hen the chapter 13 debtor is in reality the cosigner on the obligation, a creditor should be granted leave to seek recovery from the party who received the benefit of the transaction." 8 *Collier on Bankruptcy*, ¶ 103.03[2][a] (15th ed. rev.1997). In this case, the Note clearly shows that Alvin Alston was a recipient of the loan proceeds. Mr. Alston did not file a response to the motion or appear at the hearing to deny receipt of or use of the borrowed funds. Furthermore, neither the return filed by Debtor nor the testimony of Debtor disputed the fact that Mr. Alston received use of the borrowed funds.

The testimony at the hearing was in dispute regarding the number of delinquent payments due on the Note. However, testimony of both Debtor and the representative of Wachovia revealed that there were a substantial number of delinquent payments. Debtor further testified that she had an agreement with Mr. Alston that she would make the loan payments and attempt to cure the delinquency on the loan.

Debtor's history of serial filings indicates that she has attempted to utilize the protection of the bankruptcy system over the last few years in an effort to shield Mr. Alston from the adverse consequences of the loan default. Debtor's efforts to restructure her financial obligations through the bankruptcy process have proven unsuccessful to date and have materially delayed efforts by Wachovia to enforce its rights against Mr. Alston and the Property.

 In addition to the relief granted under § 1301(c), Wachovia is also entitled to a modification of the automatic stay for purposes of completing the Foreclosure Action. Since Mr. Alston is the sole owner of the property the estate does not have a legal interest in the property to protect; *see* § 541 (property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case"); however, Debtor is a party to the Foreclosure Action under state law. Consequently, there is sufficient "cause" under § 362(d)(1) to modify the stay to allow the Foreclosure Action to be completed in accordance with state law. *See, e.g. In re Holmes*, C/A No. 99–08796–B (Bankr.D.S.C.11/19/99). Wachovia is entitled to have the state court establish a deficiency balance through the state court process of holding open the foreclosure sale for a deficiency bid. However, the determination of the deficiency balance will not prejudice any rights that debtor may have to challenge such claim in the bankruptcy court. Further, the automatic stay will remain in effect to stay entry of a personal deficiency judgment by the state court against Debtor until either the dismissal of this Chapter 13 case or further order from this Court.

Based upon the foregoing Findings of Fact and Conclusion of Law, it is therefore;

**ORDERED** that the co-debtor stay of § 1301 is modified to permit Wachovia to exercise its non-bankruptcy state law remedies against Alvin Alston and the Property.

**IT IS FURTHER ORDERED** that the automatic stay of § 362 is hereby modified to permit Wachovia to prosecute the Foreclosure Action against Debtor in accordance with applicable state law and thereby establish its deficiency claim, if any, against Debtor. However, the automatic stay will remain in effect to stay the entry

of a personal deficiency judgment against Debtor until further order from this Court or dismissal of the Chapter 13 case.

**AND IT IS SO ORDERED.**